IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **WALLER MARINE, INC.** § | | Case No. 17-34230 |
| § | | |
| **DAVID BRICE WALLER** § | | |
| § | | (Jointly Administered) |
| § | | |
| **Debtors.** § | | Chapter 11 |

**APPLICATION TO EMPLOY CORRAL TRAN SINGH, LLP AS COUNSEL FOR
DAVID BRICE WALLER PURSUANT TO 11 U.S.C. § 327(a)**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**To the Honorable Bankruptcy Judge:**

David Brice Waller ("Debtor"), hereby files this Application to Employ Corral Tran Singh, LLP as Counsel for the Debtor under 11 U.S.C. § 327(a) ("Application") and in support of the requested relief, would show as follows:

### I.   JURISDICTION & VENUE

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Individual Chapter 11 case in this district is proper pursuant to 28 U.S.C. § 1408 and 1409.

## II.     BACKGROUND

2.      David Brice Waller ("Waller") filed a voluntary petition for relief on June 30, 2017 under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").  Mr. Waller's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3.      Mr. Waller is a Texas resident who resides at 6230 Pebble Beach Dr., Houston, Texas 77069.  Mr. Waller is a principal of Waller Marine, Inc. ("WMI") and Waller Marine Belize, Ltd.

4.      Mr. Waller initially met with Corral Tran Singh, LLP ("CTS") on June 27, 2017 regarding an emergency bankruptcy filing in order to stay collection efforts from several creditors and to reorganize his financial liabilities.  Specifically, Mr. Waller entered into an agreed order with unsecured judgment creditor Jonathan Gelman regarding *Jonathan J. Gelman v. W2 Limited, Waller Marine, Inc. and David B. Waller, case no. 2017-05529,* filed in the 61st Judicial District Court of Harris County, Texas (the "Gelman Lawsuit").  As part of the agreed order in the Gelman Lawsuit, the turnover of Mr. Waller's interest in WMI was to occur on or after July 2, 2017[1].  Additionally, the foreclosure of several commercial properties owned by Mr. Waller (*vis a vis* the David Brice Waller and Irene Joyce Waller Revocable Living Trust) was scheduled for July 4, 2017.  Mr. Waller retained CTS as bankruptcy counsel on June 27, 2017 and filed his emergency voluntary Chapter 11 petition on June 30, 2017.

5.      WMI filed its Chapter 11 bankruptcy with a complex designation on July 7, 2017 and moved for joint administration of the cases where relief was granted on July 13, 2017.

---

[1] Mr. Waller also entered into a post-judgment payment agreement where Mr. Waller, individually, was to pay Gelman an aggregate sum of $575,000.00 no later than July 1, 2017

Application to Employ Corral Tran Singh, LLP as Counsel for Debtor
David Brice Waller, *et al.*

6. Debtor's proposed counsel is still currently in the process of preparing the schedules and statements pursuant to 11 U.S.C. § 521 and Rule 1007 and believes Mr. Waller's schedules and statements will be filed by August 12, 2017, the date which this Court extended the deadlines per section 521 of the Bankruptcy Code.

### III.   RELIEF REQUESTED

7. Waller seeks entry of an order pursuant to 11 U.S.C. § 327(a) authorizing the employment and retention of Corral Tran Singh, LLP as general bankruptcy counsel.

### IV.   RETENTION OF CORRAL TRAN SINGH, LLP

8. Waller desires to employ CTS to perform the legal services required in connection with this case, to act as the attorneys for Waller in all matters arising in or related to this Chapter 11 Bankruptcy.

9. The professional services to be rendered on behalf of the Debtor by CTS pursuant to 11 U.S.C. § 327 include the following:

   i. Analysis of the financial situation, and rendering advice and assistance to the Debtor;
   ii. Advising the Debtor with respect to its rights, duties, and powers as a debtor in this case;
   iii. Represent the Debtor at all hearings and other proceedings;
   iv. Preparation and filing of all appropriate petitions, schedules of assets and liabilities, statements of affairs, answers, motions and other legal papers as necessary to further the Debtor's interests and objectives;
   v. Representation of the Debtor at any meeting of creditors and such other services as may be required during the course of the bankruptcy proceedings;
   vi. Representing the Debtor in all proceedings before the Court and in any other judicial or administrative proceeding where the rights of the Debtor may be litigated or otherwise affected;
   vii. Preparation and filing of a Disclosure Statement and Chapter 11 Plan of Reorganization;
   viii. Assist the Debtor in analyzing the claims of the creditors and in negotiating with such creditors; and
   ix. Assistance to the Debtor in any matters relating to or arising out of the captioned case.

10. Because of the legal services required in this case, Waller believes the employment of CTS for all of the purposes set forth above are appropriate and in the best interest of Waller.

11. Waller believes that CTS possesses extensive knowledge and expertise in the areas of law pertinent to this case and that CTS is well qualified to represent it in this proceeding.

### V. CORRAL TRAN SINGH, LLP IS DISINTERESTED

12. Under 11 U.S.C. 327(a), the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined in 11 U.S.C. 101(14), to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code.  11 U.S.C. § 101(14) and 327(a).

13. Based on the Waller's knowledge, CTS is not an insider to Waller, nor does it have any direct or indirect relationship to, connection with, or interest in Waller Estate that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity security holders.  CTS is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.  Attached hereto is Corral Tran Singh, LLP's Unsworn Declaration under § 327 and Rule 2014 made by attorney Brendon Singh.

### VI. TERMS OF REPRESENTATION

14. For legal services rendered in the above-captioned case, Waller has agreed to compensate CTS in accordance with its normal billing practice and subject to the provisions of 11 U.S.C. § 327(a), the Bankruptcy Rules and the Local Rules and subject to the approval of this Court.

15. The attorneys of CTS are duly admitted to practice before the United States District Court for the Southern District of Texas. Below is a table of attorneys employed by CTS who may work on the Debtor's case along with their respective hourly rates:

| **Attorney Name** | **Year Admitted** | **Hourly Rate** |
|---|---|---|
| Susan Tran | 2011 | 300.00 |
| Brendon Singh | 2011 | 325.00 |
| Adam Corral | 2012 | 275.00 |

16. Additionally, Waller has agreed to pay for the reasonable and necessary expenses incurred in rendering legal services to Waller, including, but not limited to, postage, photocopying, long distance charges, depositions, and filing fees. Pursuant to the Bankruptcy Code, the fees of CTS together with its necessary disbursements and expenses, constitute administrative expenses of the Debtor's estate in such amounts as may be allowed by the Court. As set forth in the Declaration, CTS has received a pre-petition retainer in the amount of $10,000.00 remitted on June 27, 2017 and has applied $5,983.00 towards pre-petition attorney's fees and expenses.

**WHEREFORE,** David Brice Waller requests that this Court enter an Order approving the retention of Corral Tran Singh, LLP as general bankruptcy counsel in this proceeding, and for such other and further relief as the Court may deem just and proper.

Dated: August 1, 2017

*/s/David Brice Waller*
David Brice Waller

Application to Employ Corral Tran Singh, LLP as Counsel for Debtor
David Brice Waller, *et al.*

**CORRAL TRAN SINGH, LLP**

By: */s/Susan Tran*
Adam Corral | TBN: 24080404
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
1010 Lamar St., Suite 1160
Houston TX 77002
Ph: (832) 975-7300
Fax: (832) 975-7301
Brendon.Singh@ctsattorneys.com

**PROPOSED ATTORNEYS
FOR THE DEBTOR DAVID BRICE WALLER**

### CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017 the following parties below and attached creditor matrix were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice.

*/s/Susan Tran*
Susan Tran

### VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on August 1, 2017, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/Susan Tran*
Susan Tran