IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WALLER MARINE, INC. | § | Case No. 17-34230 |
| | § | |
| DAVID BRICE WALLER | § | |
| | § | (Jointly Administered) |
| | § | |
| Debtors. | § | Chapter 11 |

DEBTORS' APPLICATION PURSUANT
TO SECTION 327(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR TO THE DEBTORS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Waller Marine, Inc. ("WMI"), and collectively with David Brice Waller (the "Debtors"), by and through their undersigned attorneys, hereby file this Application (the "Application") for an Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Stout Risius Ross, LLC ("Stout") as Financial Advisor to the Debtors, and in support

hereof, respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

2.   Venue of these chapter 11 cases in this district s proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

**Procedural Background:**

3.   Waller Marine, Inc. is a Texas corporation incorporated in 1974 and domiciled in Houston since its inception.  The company is solely owned by David Waller, who is a Naval Architect with over 50 years in the marine industry.  Waller filed a voluntary petition for chapter 11 bankruptcy on June 30, 2017.  On July 7, 2017, WMI filed its voluntary petition for chapter 11 with a complex case designation.  Due to the timing of the bankruptcy filings, WMI and Waller were assigned different bankruptcy judges.  On July 10, 2017, WMI and Waller filed motions for joint administration in their respective cases and requested that Waller's case be transferred to the same court as WMI's case.  Those motions were granted on July 13, 2017 and the cases are now jointly administered.

**WMI's Business Overview:**

4.   WMI's business is largely in the marine industry, providing Naval Architectural & Marine Engineering services initially to the offshore Oil & Gas industry, with engineering support, new designs, surveys and construction supervision and occasionally full EPC contracting.  WMI includes in its client list most of the large international offshore drilling, production, construction

and support service companies both past and present.  Additionally, WMI provides similar support to the shipping industry, such as Shell, Exxon and CITGO.

5.  In later years, WMI has developed a series of unique designs in the offshore gas industry, being the first company to obtain approval for floating liquefaction (FLNG) and floating gas to methanol facilities.  The company has also designed a series of vessels for small scale liquefied natural gas distribution and ship bunkering in US waters; the first such vessel will be ordered by a client before the end of this year under a licensing agreement for ten such units at $350,000.00 each.  A different design is presently being prepared for another company at this time.

6.  The company's unique marine designs caught the attention of Enron in 2000 that contracted WMI to design and construct two floating power generation facilities for installation in Nigeria.  This successful early experience led to the development and construction of what are today the world's largest capacity floating power plants, with a 250 MW plant in India and a 340 MW facility installed in Venezuela.  This project represents the largest industrial gas turbine to be installed on a floating facility.  Both GE and Siemens have recently contracted with WMI for power barge designs incorporating their gas turbines and WMI is about to enter into a consortium agreement with GE to replace the 900 MW of floating power that presently serves New York City.

7.  While WMI occasionally implements large EPC projects for floating power, the Venezuela project for instance being a $350 million contract, the Company's bread and butter revenues have for years been derived from the offshore oil & gas industry.  Unfortunately this market has gradually dried up over the past 2 years, reducing cash flow to zero today, and creating both a capital and revenue shortfall that has led to the company's inability to pay its financial obligations.  Fortunately the company has now fully diversified and is beginning to contract for new work in the areas of small scale LNG distribution and bunkering systems and large floating

power generation facilities. It is projects such as this that will allow the company to pay its obligations in the future.

### III.
### RELIEF REQUESTED

8.  Pursuant to §327 and §328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Debtors seek Court approval of their engagement of Stout to act as financial advisor ("Financial Advisor") to the Debtors.

### IV.
### RETENTION OF STOUT

9.  The Debtors believe it would be in the best interest of the Debtors and their estates to retain Stout as Financial Advisor in connection with the handling of Debtors' chapter 11 case. Stout has substantial experience with, and has specialized in matters relating to insolvency, reorganization, and turnaround management. In addition, Stout has the experience and expertise necessary to formulate and implement a plan of reorganization sufficient to address the claims of creditors and investors.

10. Stout's duties and responsibilities will be as follows:

    a. Preparation of cash forecasts, including creation and roll-forward of 13-week cash budget;

    b. Periodic Budget to Actual variance analysis;

    c. Analysis of planned disbursements and proposed vendor payments;

    d. Overall vendor management;

    e. Identification of short and long term liquidity enhancements;

    f. Preparation of schedules, analyses and projections to support a plan of reorganization;

    g. Assistance with preparation of monthly operating reports;

    h. Analysis of assumption and rejection issues regarding executory contracts and leases;

    i. Assist with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

    j. Assistance with preparation of court-required reports;

    k. As needed, provide assistance with preparation of pleadings; and

    l. Other tasks necessary to carry out Stout's fiduciary duty to the Company.

11. Stout has agreed to act as Financial Advisor on the following terms. The compensation to be paid to Stout shall be an hourly rate, payable monthly and shall constitute an administrative expense of the Debtors' estates. Stout's hourly rates range from $75 to $650. John D. Baumgartner will lead the engagement. Mr. Baumgartner's current hourly rate is $470 and Stout has agreed to use 2016 rates for this engagement. Stout shall comply with the bankruptcy code requirements to file fee applications.

12. Attached hereto as Exhibit "A" and incorporated herein for all purposes is the Affidavit of John D. Baumgartner and Disclosure Statement Pursuant to Section 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure which attests that Stout and its staff:

    a. do not hold or represent any interest adverse to the estates, are disinterested and are eligible to serve as Financial Advisor for the Debtors under Bankruptcy Code §327(a);

    b. are not creditors, equity security holders or insiders of the Debtors and do not represent any entity (or its attorneys or accountants) other than the Debtors in connection with Debtors' chapter 11 case;

    c. are not, and never have been, investment bankers for any outstanding security of the Debtors;

    d. are not, and have not been within the past two years, a director, officer, or employee of the Debtors or of any such investment banker as described above;

    e. have no interest materially adverse to the interests of the Debtors or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interests in, the Debtors or any investment banker for the Debtors; and

  f. have no connection with the Debtors, or their creditors, equity interest holders or any party in interest, or with the respective attorneys or accountants of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee, except that Mr. Baumgartner has acted as a financial consultant and/or CRO in other cases.

13. As stated above, Stout has no connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

14. The employment of Stout as Financial Advisor is in the best interest of the Debtors and their estates.

## V.
## PRAYER

WHEREFORE, the Debtors request that this Court enter an order approving the employment and retention of Stout as Financial Advisor for the Debtors in this proceeding and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 2nd day of October, 2017.

**WALLER MARINE, INC. and DAVID BRICE WALLER**

By: /s/ *David Waller*
David Brice Waller
Chief Executive Officer

**OKIN ADAMS LLP**

By: */s/ Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
David L. Curry, Jr.
Texas Bar No. 24065107
1113 Vine St., Suite 201
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118
cadams@okinadams.com
dcurry@okinadams.com

**ATTORNEYS FOR WALLER MARINE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2017, a true and correct copy of the foregoing document was served via the Court's ECF System on all parties requesting notice in this proceeding as well as the parties listed on the attached service list by regular mail.

By: */s/ Christopher Adams*
Christopher Adams