UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-34230 |
| | § | |
| WALLER MARINE, INC. | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

**ORDER CONFIRMING DEBTOR'S
SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
(Relates to Doc. No. 260)

The Court considered the *Debtor's Second Amended Chapter 11 Plan of Reorganization* (the "Plan") [Doc. No. 260], filed by Waller Marine, Inc., the above-captioned debtor and debtor in possession (the "Debtor").[1] The Debtor, by and through its counsel of record, appeared and participated at the hearing held on December 20, 2018 regarding confirmation of the Plan (the "Confirmation Hearing"). Having considered the Plan, and based on the evidence presented at the Confirmation Hearing, the arguments and representations of counsel, and the entire record of the Debtor's Bankruptcy Case, the Court is of the opinion and finds as follows:

I.   **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A.   Jurisdiction**

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceedings pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A) and (L), and the Court has jurisdiction to enter a Final Order confirming the Plan.

**B.   Adequate Notice**

2. Notice of the Confirmation Hearing was adequate. The Debtor's Solicitation Materials, which included a notice regarding the Confirmation Hearing date, were mailed to all

---

[1] All terms not defined herein shall have the meanings ascribed to them in the Plan.

creditors, equity holders and parties in interest by United States first class mail, postage prepaid, on November 21, 2018.

**C.     Confirmation Standards**

3.     The Plan complies with the applicable provisions of the Bankruptcy Code, and therefore satisfies the requirements of Bankruptcy Code section 1129(a)(1).

4.     The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.  Section 1129(a)(2) of the Bankruptcy Code is satisfied.

5.     As required by section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law.

6.     Any payment made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with the Debtor's Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after Confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable. As a result, the Plan complies with section 1129(a)(4) of the Bankruptcy Code.

7.     As required by section 1129(a)(5) of the Bankruptcy Code, the Debtor has disclosed the identities of the individuals proposed to serve as the Directors and Officers of the Reorganized Debtor after the Effective Date of the Plan.  Further, the Debtor has adequately disclosed the identity of the Directors and Officers who are Insiders of the Debtor.

8.     The Plan does not provide for a "rate change" as contemplated by section 1129(a)(6) of the Bankruptcy Code, and therefore, section 1129(a)(6) is inapplicable to the Plan.

9. With respect to each Class of Impaired Claims, either each Holder of a Claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such Claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtor was liquidated on such date under Chapter 7 of the Bankruptcy Code. The requirements of section 1129(a)(7) of the Bankruptcy Code are therefore satisfied.

10. Pursuant to the Ballot Summary [Doc. No. 269] filed by in connection with the Plan, each Class of Claims who have voted, have accepted the Plan, and the requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied.

11. The Plan satisfies section 1129(a)(9) of the Bankruptcy Code. Specifically, the Plan provides that each Holder of an Administrative Expense Claim allowed under § 503 of the Bankruptcy Code will be paid in full on the Effective Date of the Plan, in cash, or upon such other terms as may be agreed upon by the Holder of the Claim and the Debtor. Allowed Administrative Expense Claims will be paid on the later of the Effective Date or no later than ten (10) days following the date such claim becomes an Allowed Administrative Claim by Final Order, except that:

    (i) All Holders of Administrative Expense Claims other than Professionals shall file an application for the allowance of an Administrative Expense Claim with the Bankruptcy Court on or before the first Business Day that is thirty (30) days after the Effective Date. Holders of Administrative Expense Claims, including such Persons asserting a Claim under sections 326, 327, 330, 503(b), 506(c), 507(a)(2), and 1103 of the Bankruptcy Code, who do not file a request by this Administrative Claim Bar Date shall

be forever barred from asserting such Claims against the Debtor or its property and assets (whether Cash or otherwise).

   (ii) Administrative Claims filed on a Proof of Claim Form will not constitute a properly filed request for payment of an Administrative Claim and shall be deemed disallowed upon the Effective Date of the Plan without prejudice to such party submitting an application in accordance with this paragraph.  An Administrative Claim that is not evidenced by a request for payment that is properly and timely filed and served shall be forever barred and discharged.

   (iii) Except as provided herein, all Professionals shall file a final application for the allowance of a Professional Compensation Claim on or before forty-five (45) days following the Effective Date.  Such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the applicable local rules.  The Professional Compensation Claims shall receive the treatment described in the Plan.

   (iv) Each Holder of an Allowed Priority Tax Claim shall be paid in full, in Cash, on the later of (a) the Effective Date, (b) the date on which such Priority Tax Claim becomes an Allowed Claim, (c) the date on which such Allowed Priority Tax Claim first becomes due and payable, or (d) as soon thereafter as is reasonably practicable.

12. Without including acceptance of the Plan by any Insider of the Debtor, all other Classes of Claims who have voted, have voted to accept the Plan.  The Plan therefore satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

13. The Plan is a plan of reorganization.  The Debtor can be expected to achieve operational results sufficient to satisfy the obligations required under the Plan, and Confirmation

of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of the Debtor. Accordingly, the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code.

14.  The Plan provides that, until the Bankruptcy Case is closed, all fees incurred under 28 U.S.C. § 1930(a)(6) will be paid by the Reorganized Debtor. Thus, the Plan complies with section 1129(a)(12) of the Bankruptcy Code.

15.  Sections 1129(a)(13), (14) & (15) of the Bankruptcy Code are inapplicable to the Debtor.

16.  The Debtor is a moneyed, business or commercial corporation, and therefore section 1129(a)(16) of the Bankruptcy code is inapplicable.

**D.  Conclusion**

17.  The Plan complies with the standards of 11 U.S.C. §§ 1122, 1123, and 1129.

18.  The Plan should in all things be confirmed.

19.  The foregoing findings of fact and conclusions of law satisfy the requirements of Federal Rule of Bankruptcy Procedure 7052. All offers of proof and discussions for the record at the Confirmation Hearing shall constitute additional findings and conclusions with respect to this Confirmation Order.

## II.  ORDER

Based on the above findings of fact and conclusions of law, the Court has determined that the Plan satisfies the applicable provisions of the Bankruptcy Code and should be confirmed. Accordingly, IT IS HEREBY ORDERED THAT:

20. The Plan is confirmed pursuant to the provisions of Chapter 11 of the Bankruptcy Code, including 11 U.S.C. §§ 1128 and 1129.  The Debtor is authorized to implement the Plan in accordance with its terms and provisions.

21. All objections to Confirmation of the Plan not withdrawn or otherwise resolved at or before the Confirmation Hearing are expressly overruled or are otherwise reflected in this Order.

22. In accordance with §§ 105(a), 1123(b)(3), and 1141(b) of the Bankruptcy Code, upon the entry of this Order, all Retained Claims, including Chapter 5 Causes of Action brought under §§ 542, 544, 547, 548, 550, 551 and 553, shall be, and hereby are reserved, retained, and vested in the Reorganized Debtor for the benefit of the Debtor's estate pursuant to the terms of the Plan.  All Retained Claims shall survive and continue Post-Confirmation, free and clear of all liens, claims, interests, encumbrances, defenses of res judicata, waiver, laches and estoppel, for investigation, prosecution, enforcement, settlement, abandonment, adjustment, or collection by the Reorganized Debtor.  The Reorganized Debtor shall be authorized and have standing to pursue the Retained Claims on behalf of, and in the name of, the Debtor's Estate.  Further, the Reorganized Debtor shall have standing to object to any Claims.

23. The Reorganized Debtor shall have the right to file and prosecute any Claims and Retained Claims on behalf of the Debtor's estate, including all derivative Retained Claims. The Reorganized Debtor shall have the authority to compromise, settle or otherwise resolve all Claims and Retained Claims filed or asserted as set forth in the Plan.

24. The Debtor's obligation of filing monthly financial reports with the United States Trustee shall pass to and become the obligation of the Reorganized Debtor as applicable and such obligation shall continue following Confirmation until the obligation to pay the United States Trustee's fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) ends, except such monthly reports will be filed quarterly.  The Reorganized Debtor shall prepare, sign, and file all Post-Confirmation reports and shall pay any U.S. Trustee fees due and owing.  Copies of such reports shall be served on the United States Trustee and on any Claimant requesting continued service of same.

25. Unless otherwise provided herein or otherwise ordered by the court, all injunctions or stays set forth in sections 105 or 362 of the Bankruptcy Code (11 U.S.C. §§ 105 and 362) shall remain in full force and effect until the Effective Date rather than the Confirmation Date.

26. Notwithstanding the entry of this Order and the occurrence of the Effective Date, the Court shall retain, after the Effective Date, jurisdiction of all matters arising out of, arising in or related to, this chapter 11 case to the fullest extent permitted by applicable law.

27. So long as such amendments or modifications do not materially affect the interests of holders of Claims or Interests, the proponent of the Plan may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of the Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

28. The substantial Consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, shall be, and hereby is, deemed to have occurred on the Effective Date.

29. The reversal or modification of this Order on appeal shall not affect the acts taken pursuant to the Plan, the Plan documents, or any other agreement, document, instrument or action

authorized by this Order or under the Plan as to the Debtor, or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

30. To the extent appropriate, conclusions of law are deemed to be findings of fact and the findings of fact are deemed to be conclusions of law.

**Plan Modifications:**

A. The following language is added to modify the treatment of Harris County's Allowed Secured Claim:

Harris County's Allowed secured claim in the amount of $2,914.86 shall either be paid (i) in full within 30 days of the Effective Date, together with post-petition interest; or (ii) be paid in full in equal, consecutive monthly installments, with the first payment being made on the first (1st) day of the first full month following the Plan's Effective Date, together with post-petition interest. Post-petition interest will accrue at the rate of twelve percent (12%) per annum from the Petition Date until the confirmation date and thereafter, plan interest at the rate of twelve percent (12%) per annum shall accrue on the entire balance until the tax claim is paid in full.

In the event the Debtor sells, conveys or transfers any of the properties which are the collateral of the Harris County claim or post confirmation tax debt, the Debtor shall remit such sales proceeds first to Harris County to be applied to the Harris County tax debt incident to any such property/tax account sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity.

The reorganized Debtor may pre-pay the pre-petition tax debt to Harris County at any time. The Debtor shall have sixty (60) days from the Effective Date to object to Harris County's claim; otherwise, the Harris County claim shall be deemed as an Allowed secured claim in the amount of its Proof of Claim. Harris County shall retain its statutory liens securing its pre-petition and post-petition tax debts until such time as the tax debts are paid in full. Debtor shall pay all post-petition ad valorem tax liabilities (tax year 2018 and subsequent tax years) owing to Harris County in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of Harris County to file an administrative expense claim and/or request for payment.

Should the reorganized Debtor fail to make any payments as required in this Plan, Harris County shall provide written notice of that default by sending written notice by certified mail to Debtor and Debtor's attorney advising of that default, and providing the reorganized Debtor with a period of fifteen (15) days to cure the default. In the event that the default is not cured within fifteen (15) days, Harris Count may, without further order of this Court or notice to the Debtor, pursue all of their rights and remedies available to them under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. Additionally, the failure to timely pay post-petition and/or post-confirmation taxes while the reorganized Debtor

is still paying any pre-petition debt, shall be considered an event of default. Harris County shall provide Debtor with written notice of that default and a fifteen (15) day opportunity to cure said default. In the event that the reorganized Debtor fails to timely cure the post-petition and/or post-confirmation default, Harris County may, without further order of this court or notice to the Debtor, pursue all of their rights and remedies available to them under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. The reorganized Debtor shall be entitled to no more than two (2) Notices of Default. In the event of a third (3rd) default, Harris County may pursue all rights and remedies available to it under the Texas Property Tax Code in state district court without further order of this court or further notice to the Debtor.

Dated: _____, 2018

                                        UNITED STATES BANKRUPTCY JUDGE